**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GEORGE WASHINGTON CRANE V, | No. 4:20-CV-00636 |
| Petitioner. | (Judge Brann) |
| v. | |
| D.K. WHITE, | |
| Respondent. | |

**MEMORANDUM OPINION**

**JULY 29, 2020**

Petitioner George Washington Crane V ("Crane"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP") housed at the Low Security Correctional Institution at Allenwood, White Deer, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on April 17, 2020, alleging that his due process rights were violated during the course of prison disciplinary proceedings.[1]

The petition is ripe for disposition and, for the reasons that follow, will be denied.

## I.   BACKGROUND

On August 14, 2019, Crane received Incident Report 3291586 charging him with Prohibited Act Code 331, Possession, manufacture, or introduction of non-

---

[1]   Doc. 1.

hazardous contraband.  The reporting officer described the incident as follows:  "On 8/14/19, at approximately 3:30 pm, I conducted a pat search of Inmate Crane (82208-083) in the Union B unit office.  I had Inmate Crane remove everything from of [sic] both of his short pockets.  In his right pocket I found (6) whole cigarettes rolled up in a plastic bag.  In his left pocket I found a plastic bag filled with (28) cigarette butts rolled up in paper and taped.  All contraband was forwarded to the Lieutenant's Office."[2]  Crane received the Incident Report at 8:20 pm on August14, 2019.[3]  He was advised of his right to remain silent and he indicated that he understood his rights as read to him.[4]  When asked if he would like to make a comment he replied, "no sir."[5]

During his Unit Discipline Committee ("UDC") hearing, which took place the following day, he commented "I found them on the ground and temptation got me."[6] The UDC referred the matter to a disciplinary hearing officer ("DHO") stating "[s]anctions not available at UDC Level, 331 Code is a mandatory DHO Referral."[7] He received the Notice of Discipline Hearing at 1:30 pm on August 15, 2019.[8]

---

[2]   Doc. 10-1, p. 14.
[3]   *Id.*
[4]   *Id.* at 15.
[5]   *Id.*
[6]   *Id.* at 14.
[7]   *Id.*
[8]   *Id.* at 19, 20.

The disciplinary hearing convened on August 29, 2019.[9]  The DHO verbally advised Crane of his rights, noted that he received advanced written notice of the charge on August 14, 2019, recorded that he waived his right to witnesses and a staff representative, and documented that Crane indicated that he understood his rights. "No procedural issues were cited by [Crane] and no documentary evidence was provided for consideration."[10]  At the hearing, Crane stated that temptation got the best of him.[11]

In finding that Crane committed the prohibited act as charged, the DHO set forth the following specific evidence upon which he relied:

> Crane's involvement in the incident…was reviewed.  Paraphrased, T. Geary declared on August 14, 2019, at about 1530, he pat searched Crane in the Union B Office and in the inmate's right shorts pocket, six whole cigarettes were found rolled up in a plastic bag.  In Crane's left pocket, 28 cigarette butts were recovered.

> Further inculpatory evidence in the form of [3] photograph[s] of the confiscated cigarettes and butts were reviewed.

> Upon questioning by the DHO, Crane neither admitted nor denied the charge.  He elaborated upon his plea by stating, "My temptation got the best of me."  With no defensive stance provided, the DHO believed T. Geary's discovery of 6 cigarettes and 28 cigarette butts found in the shorts [sic] pockets of Crane on August 14, 2019, at 1530, as the inmate was searched in the Union B office supported the Code 331 charged act.

> After the consideration of evidence documented above, the DHO has drawn the conclusion some facts, listed in the paragraphs above,

---

[9]  *Id.* at 12, 13.
[10]  *Id.* at 12.
[11]  *Id.*

3

> support the finding Crane…committed the prohibited act of Possession
> of Non-hazardous Contraband, Code 331 on August 16, 2019 [sic], at
> or about 1930, at LSCI Allenwood, PA.[12]

The DHO sanctioned Crane with thirty days disciplinary segregation, disallowance of thirteen days of good conduct time, and three months' loss of commissary, telephone, and visitation privileges based on his determination that possession of contraband cigarettes demonstrated complicity and a desire to be involved in prison misconduct.[13]  The sanctions of disciplinary segregation and loss of good conduct time were imposed for punitive reasons; the loss of privileges were levied to aid in deterring Crane and others from negatively acting out while incarcerated.[14]  The DHO delivered a copy of the report to Crane on September 12, 2019.[15]

Following proper exhaustion of the BOP's Administrative Remedy procedure, Crane filed the instant petition alleging that his due process rights were violated because he was never served with, or received a copy of, the incident report.[16]  He is seeking reinstatement of thirteen days of good conduct time.[17]

## II.    ANALYSIS

The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides: "No person shall . . . be deprived of life, liberty, or property,

---

[12]   *Id.* at 13.
[13]   *Id.*
[14]   *Id.*
[15]   *Id.*
[16]   Doc. 1, pp. 2, 11, 12..
[17]   *Id.*

without due process of law."[18]   Federal inmates possess a liberty interest in good

conduct time because it directly impacts the duration of confinement [19]  Therefore,

Crane's claim, that his due process rights were violated in the context of the

disciplinary hearing process and that these violations resulted in a loss of good

conduct time, is properly the subject of this habeas petition.[20]

The BOP disciplinary process is fully outlined in Code of Federal

Regulations, Title 28, Sections 541 through 541.8 (2011).  These regulations dictate

the manner in which disciplinary action may be taken should a prisoner violate, or

attempt to violate, institutional rules.  The process is initiated with filing an incident

report and conducting an investigation.[21]   Staff is required to conduct the

investigation promptly absent intervening circumstances beyond the control of the

investigator.[22]  The inmate is entitled to receive initial notice of the incident, which

is "ordinarily" provided within twenty-four hours of staff becoming aware of

the inmate's involvement, 28 C.F.R. § 541.5(a), and advance written notice of the

charges at least twenty-four hours prior to commencement of the DHO  hearing,"[23]

---

[18]   U.S. CONST. amend. V.
[19]   *See Wolff v. McDonnell*, 418 U.S. 539, 555-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991).
[20]   *See Sandin v. Conner*, 515 U.S. 472 (1995).
[21]   28 C.F.R. § 541.5.
[22]   28 C.F.R. § 541.5(b).
[23]   28  C.F.R.  §  541.8(c).

Following the investigation, the matter is referred to the Unit Disciplinary Committee ("UDC") for an initial hearing.[24]  If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions.[25]  If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest or high category offenses, the UDC refers the matter to a Disciplinary Hearing Officer ("DHO") for a hearing.[26]  Greatest Severity category offenses carry a possible sanction of, *inter alia*, loss of good conduct time credits.[27]  In the event that a matter is referred for a hearing, the Warden is required to give the inmate advance written notice of the charges no less than twenty-four hours before the DHO hearing and offer the inmate a full-time staff member to represent him at the DHO hearing.[28]

At the DHO hearing, the inmate is "entitled to make a statement and present documentary evidence" and has the right to submit names of requested witnesses and have them called to testify and to present documents.[29]  The DHO shall "call witnesses who have information directly relevant to the charge[s] and who are reasonably available," and need not call repetitive or adverse witnesses.[30]  The inmate has the right to be present throughout the hearing except during "DHO

---

[24]  28 C.F.R. § 541.7.

[25]  *Id.*

[26]  *Id.*

[27]  28 C.F.R. § 541.3.

[28]  *Id.* at § 541.8 (c) and (d).

[29]  *Id.* at § 541.8(f).

[30]  *Id.* at § 541.8(f)(2) and (3).

deliberations or when [his] presence would jeopardize institution security, at the DHO's discretion."[31] The DHO must "consider all evidence presented during the hearing."[32] The decision will be based on at least some facts and, if there is conflicting evidence, on the greater weight of the evidence."[33] The DHO must prepare a record of the proceedings sufficient to document the advisement of inmate rights, the findings and decisions, the specific evidence relied on, and the reasons for the sanctions imposed. A copy must be delivered to the inmate.[34]

The BOP's disciplinary procedures are in accord with due process requirements. Specifically, when a prison disciplinary hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive certain due process protections: 1) written notice of the claimed violation at least twenty-four (24) hours in advance of the hearing; 2) the opportunity to call witnesses and present documentary evidence when consistent with institutional and correctional goals; 3) assistance in presenting a defense if the inmate is illiterate; 4) an impartial tribunal; and 5) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action.[35]

---

[31] *Id.* at § 541.8(e).
[32] *Id.* at § 541.8(f).
[33] *Id.*
[34] *Id.* at § 541.8(f)(2).
[35] *See Wolff*, 418 U.S. at 564.

Further, the decision of the DHO will be upheld if there is "some evidence" to support the decision.[36]   The determination of whether the standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."[37]   Judicial review of a prison disciplinary decision is limited to ensuring that the prisoner was afforded certain procedures, the action against him was not arbitrary, and that the ultimate decision has some evidentiary support.[38]

It is clear from the record that, despite his contentions to the contrary, Crane received adequate and timely written notice before both the UDC and DHO proceedings.  He was notified of his right to remain silent before both proceedings. He was also afforded the opportunity to call witnesses and present documentary evidence.  His hearing was held before an impartial DHO, and he was provided with a written copy of the DHO's decision, which recited the evidence relied upon and the rationale behind the disciplinary sanctions.  Specifically, in arriving at a finding of guilt, the DHO considered the incident report account of Crane's conduct, photographs of the confiscated contraband, and Crane's statement that his

---

[36]   *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *see also Young*, 926 at 1402-03 (applying *Hill* standard to federal prisoner due process challenge to prison disciplinary proceedings).
[37]   *Id.* at 455.
[38]   *Id.* at 457.

temptation got the best of him.    It is clear from the record that Crane was afforded all due process protections required by *Wolff* and that the DHO's conclusion, that he committed Prohibited Act Code 331, Possession of non-hazardous contraband, has some evidentiary support.

I would be remiss if I did not address exhibits filed by Crane on June 2, 2020, in which he highlights errors contained in the DHO report.  Specifically, he notes that the DHO misidentifies him as "Kevin" Crane in two places on the second page of the report, includes the wrong inmate number, has the incorrect offense date in the final sentence of the specific evidence section, and cites to the wrong incident report number on one occasion.[39]  Based on the exhibits affixed to the DHO report, and the bulk of the information contained in the report, there is no doubt that the DHO adjudicated Incident Report 3291586, charging inmate George Crane, "Reg. No." 82203-083, with Prohibited Act Code 331, Possession, manufacture, or introduction of non-hazardous contraband on offense date August 14, 2019.[40]  While the errors are regrettable, it is clear that they are typographical errors, which do not constitute a due process violation.[41]

---

[39]   Doc. 7-3, p. 2.
[40]   Doc. 10-1, pp. 12-20.
[41]   *Millhouse v. Warden Lewisburg USP*, 785 F. App'x 931 (3d Cir. 2019)

### III.    CONCLUSION

Based on the foregoing, the petition for writ of habeas corpus will be denied.

An appropriate Order follows.

BY THE COURT:

_s/ Matthew W. Brann_
Matthew W. Brann
United States District Judge